[No. 15890. Department One. January 4, 1921.]

LOUIS KARADIMAS, *Respondent*, v. ANNA P. ANGEL, *Appellant.*[1]

FRAUD (26)—ACTIONS—INSTRUCTIONS. In an action against a mother and her son for false representations as to their title to an automobile sold to plaintiff, an instruction is proper authorizing the jury to find against the mother if, in making the sale, the son falsely represented in the mother's presence that the automobile was free of incumbrance, and the mother did not deny such statement.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 18, 1920, upon the verdict of a jury rendered in favor of the plaintiff for damages by reason of fraudulent representations. Affirmed.

*Lundin & Barto,* for appellant.

*Paul Carrigan,* for respondent.

PARKER, J.—The plaintiff, Karadimas, commenced this action in the superior court for King county, seeking recovery of a judgment against the defendant Anna P. Angel and her son Tarry P. Angel, for the sum of $780, the amount of the purchase price of an automobile sold and delivered to him, as it is claimed, by both of them; the title to which automobile was not in the defendants or either of them, and because of that fact and their default in making payment of the balance due upon a conditional sale contract under which they held it, the real owner, as it had a right to do, took it from respondent; thus resulting in respondent receiving nothing for the purchase price, the full amount of which he paid to Anna P. Angel and her son. We are not advised by the record before us as to whether or not the defendant Tarry P. Angel answered the plain-

[1]Reported in 194 Pac. 775.

tiff's complaint, or as to what disposition was made
by the trial court of the plaintiff's claim against
Tarry P. Angel; however, a trial before the court, sit-
ting with a jury, upon the question of the liability of the
defendant Anna P. Angel resulted in a verdict and
judgment against her, awarding to the plaintiff recov-
ery in the sum of $780, from which she has appealed to
this court.

On January 25, 1919, a conditional sale contract was
made, purporting upon its face to be such a contract
for the sale of the automobile here in question, from
the Mitchell Motor & Service Company to Tarry P.
Angel, which contract, it is claimed by respondent,
was made on the part of Tarry P. Angel in behalf of
both himself and appellant; the automobile being then
given into their possession by the Mitchell Motor &
Service Company. On March 19, 1919, respondent pur-
chased the automobile, as claimed by him, from appel-
lant and her son, receiving possession thereof, and a
bill of sale therefor executed by the son alone in behalf
of himself and appellant, for which respondent paid
them the sum of $780 in cash. A short time there-
after, there being default in making payment of a large
balance due to the Mitchell Motor & Service Company
upon the conditional sale contract, that company, as it
had a right to do, took the automobile from the pos-
session of respondent, at the same time electing to de-
clare a forfeiture of all rights of the purchaser or pur-
chasers under the conditional sale contract.

Recovery was sought by respondent against appel-
lant upon the theory that she and her son assumed to
be joint owners of the automobile, and falsely repre-
sented to respondent that they owned it free and clear
of all incumbrances and had a lawful right to sell and
dispose of it; that respondent had no knowledge of the

existence of the conditional sale contract under which they had possession of the automobile; that they made such representations to him, both acting in furtherance of a common purpose, to thereby induce him to consummate the purchase of the automobile from them; that he was induced by such false assumption of ownership to consummate the sale by receiving the automobile from them and paying them $780 in cash therefor; and that, the automobile being rightfully taken from him by the Mitchell Motor & Service Company, he is entitled to a judgment against appellant as well as against her son for $780. An alternative theory of recovery, which seems to us not inconsistent with that above stated, invoked in behalf of respondent, is that, in any event, appellant is liable jointly and severally with her son for the return of the purchase price, as damages to respondent, because of the false representations made by her with her son in furtherance of a common purpose on their part to induce respondent to consummate the purchase of the automobile, even though she did not legally possess any property interest in the automobile. In other words, that she is, in any event, liable for the return of the purchase price, as damages suffered by respondent, as for fraud and deceit practiced by her in the causing of such damages.

The principal contention made in appellant's behalf is that the trial court erred in declining to sustain her counsel's challenge to the sufficiency of the evidence to warrant any recovery as against her, presented by appropriate motions timely made in that behalf. A careful review of the evidence introduced upon the trial, and in the record before us, quite convinces us that we would be wholly unwarranted in interfering with the verdict of the jury. The evidence, we think, was ample to support recovery as against her, upon either of the

theories above outlined. So plain does this seem to us that we think it would be quite unprofitable to review or analyze the evidence in detail here.

Claims of error are also made in behalf of appellant, in that the trial court erred to her prejudice in giving to the jury certain instructions, only one of which claims of error we deem of sufficiently serious consequences to here call for notice. Among other instructions given to the jury by the court, was the following:

"If you find from the evidence that the automobile described in the plaintiff's complaint was purchased by the defendant Anna P. Angel, or by Anna P. Angel and Tarry P. Angel jointly, and that Anna P. Angel directed or participated in the sale of said automobile to the plaintiff; and *if you further find that in making said sale the said Tarry P. Angel represented to the plaintiff, in the presence of the defendant Anna P. Angel, that the said automobile was free and clear of encumbrances; and if you further find that the said Anna P. Angel did not deny such statement;* and if you further find from the evidence that thereafter, relying on said statement, plaintiff purchased said automobile, and that at the time of such purchase there was a conditional sale agreement on file with an unpaid balance thereon, then defendant Anna P. Angel is liable for the damage, if any, caused to the plaintiff by reason of the sale to plaintiff of said automobile so encumbered upon such representations."

We have italicized the portion of this instruction particularly complained of. It is insisted that this instruction is erroneous in that it, by the language we have italicized, in effect, decides as a matter of law that the silence of appellant in the presence of her son, when making the alleged false representations, rendered her liable with her son for the return of the purchase price. Her counsel cites and relies upon the general rule as stated in 20 Cyc. 15, as follows:

"Mere silence as to a material fact is not necessarily, as a matter of law, equivalent to a false representation, and therefore, in the absence of any duty to speak, it is not of itself ground for an action of deceit."

Counsel's contention might be considered as well grounded if it could be said that this instruction assumed the fact that appellant had represented herself as the owner in whole or in part of the automobile. We do not think that the instruction assumes such a fact, but in effect simply gives the jury to understand that if she did represent herself to be the owner of the automobile with her son, or by herself, and joined in the efforts of her son to sell it to respondent, that then she would be bound by her silence and failure to contradict the representations made in her presence by her son, as to the ownership and freedom from encumbrance of the automobile. We think, under such a state of facts, it could be decided as a matter of law that she would be bound the same as her son by such representations. The jury were still left free to find as to whether or not such a state of facts did exist.

We think the record before us fails to disclose any error prejudicial to the rights of appellant. The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.